UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:13-CR-00033-JRG-DHI |
| | ) | |
| TROY DOTSON | ) | |

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's letter [Doc. 33], which the Court construes as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), and the United States' Response in Opposition [Doc. 35]. A federal inmate, Mr. Dotson raises two arguments for compassionate release. First, he appears to contend that he is entitled to compassionate release because he has participated in various rehabilitative programs while in prison. [Def.'s Mot. at 1]. Second, he requests compassionate release because of his parents' deteriorating health. [*Id.*]. The United States opposes Mr. Dotson's motion, arguing that it is inconsistent with USSG § 1B1.13 and 18 U.S.C. § 3553(a). [United States' Resp. at 1, 4–8].

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Although 18 U.S.C § 3582(c) begins with the declaration that "[t]he court may not modify a term of imprisonment once it has been imposed," Congress enacted the First Step Act, Pub. L. No. 115-319, 132 Stat. 5194 (2018), which amended § 3582(c)(1) so that courts can consider motions for compassionate release once a defendant exhausts his administrative remedies with the Bureau of Prisons or thirty days after submitting a request to the warden:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon

motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment[.]

§ 3582(c)(1)(A). The United States concedes that "[t]he Court has authority to consider Dotson's motion because 30 days have passed since Dotson sought compassionate release from the warden of his facility." [United States' Resp. at 1].

Under § 3582(c)(1)(A), the Court's task is to determine whether (1) "extraordinary and compelling reasons" warrant a reduction and whether (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A). "[C]ourts have universally turned to USSG § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a sentence reduction." *United States v. Coker*, No. 3:14-CR-085, 2020 WL 1877800, at *3 (E.D. Tenn. Apr. 15, 2020); *see United States v. Resnick*, ___ F. Supp. 3d ___, 2020 WL 1651508, at *2 (S.D.N.Y. Apr. 2, 2020) ("The First Step Act did not amend the eligibility requirements for compassionate release, which are set forth in 18 U.S.C. § 3582(c)(l)(A) and Section 1B1.13 of the United States Sentencing Guidelines.").

As to Mr. Dotson's first argument—his contention that he is entitled to compassionate release because he has participated in various rehabilitative programs—the United States correctly points out that a defendant's rehabilitation cannot by itself justify compassionate release. *See* USSG § 1B1.13 n.1(3) (stating that "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement"). Next, as to Mr. Dotson's second argument, familial hardship can constitute grounds for compassionate release in two circumstances: (1) "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or (2) "[t]he incapacitation of the

2

defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." *Id.* at n.1(C)(i)–(ii). Mr. Dotson's request for compassionate release does not fit within either of these circumstances. *See United States v. Hunter*, No. 3:06-cr-61, 2020 WL 127711, at *3 (S.D. Ohio Jan. 10, 2020) ("While the Court empathizes with [the defendant's] . . . difficult position, and understands that his mother's medical condition is no doubt serious, family circumstances that constitute 'extraordinary and compelling reasons' do include those presented." (citation omitted)); *United States v. Ingram*, 2:14-CR-40, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019) ("Many, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary."); *see also United States v. Goldberg*, No. 12-180 (BAH), 2020 WL 1853298, at *4 (D.D.C. Apr. 13, 2020) ("While certainly admirable, a desire to help care for one's elderly parents does not qualify as an 'extraordinary and compelling reason' for release under U.S.S.G. § 1B1.13, nor, therefore, under 18 U.S.C. § 3582(c)(1)(A)(i).").[1] While the Court sympathizes with Mr. Dotson's situation, he is not entitled to compassionate release under § 3582(c)(1)(A), and his motion [Doc. 33] is therefore **DENIED**.

So ordered.

ENTER:

    s/J. RONNIE GREER
    UNITED STATES DISTRICT JUDGE

---

[1] Although at least one district court outside this circuit has concluded that a defendant is entitled to compassionate release when he is "the 'only available caregiver' for an incapacitated parent" and has served "substantial time," Mr. Dotson provides the Court with no evidence that he is the only available caregiver for his parents. *United States v. Bucci*, 409 F. Supp. 3d 1, 2 (D. Mass. 2019) (quoting USSG 1B1.13 n.1(C)(ii)).