UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:13-CR-00033-JRG-CRW-1 |
| | ) | |
| TROY DOTSON | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Renewed Motion for Compassionate Release [Doc. 54]. The United States filed a Response in Opposition [Doc. 60]. For the reasons that follow, the motion will be denied.

**I.  BACKGROUND**

In October of 2013, Defendant was sentenced to 135 months of imprisonment based on his conviction for transporting and distributing child pornography [Doc. 25]. He is housed at Elkton FCI, which currently reports zero inmate cases and zero staff cases of COVID-19. *COVID-19: Coronavirus*, Bureau of Prisons, http://bop.gov/coronavirus/ (last visited April 29, 2022). Defendant's projected release date is in November of this year. *See* Inmate Locator, Bureau of Prisons, https//www.bop.gov.inmateloc/ (last visited April 29, 2022).

In June of 2020, Defendant filed a pro se motion for compassionate release [Doc. 33] based on his rehabilitation and desire to care for his ailing parents. The Court denied the motion because it did not find extraordinary and compelling reasons for release [Doc. 36]. Defendant then filed a pro se motion for reconsideration [Doc. 39] and pro se motion for compassionate release [Doc. 40], in which he requested a sentence reduction based on his medical conditions amid the COVID-19 pandemic, prison conditions, and his desire to care for his parents. The Court denied those

motions as well because it did not find extraordinary and compelling reasons for a sentence reduction [Doc. 50]. In the instant motion, Defendant again requests compassionate release based on his health conditions amid the COVID-19 pandemic and his desire to serve as caregiver for his parents. For the reasons that follow, Defendant's renewed motion for compassionate release will be denied.

## II.   LEGAL STANDARD

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), a district court can modify a term of imprisonment if "extraordinary and compelling reasons" justify a sentence reduction and a reduction is consistent with the relevant factors in 18 U.S.C. § 3553(a). *See also United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020) (holding that "federal judges" have "full discretion to define 'extraordinary and compelling'" without reference to U.S. Sentencing Commission policy statement § 1B1.13). Before seeking compassionate release from the court, a defendant must first "exhaust the BOP's administrative process" or wait "thirty days after the warden has received the compassionate release request—whichever is earlier." *Jones*, 980 at 1105.

## III.   ANALYSIS

Defendant requested compassionate release from the warden at his prison and his request was denied [Doc. 40]. Thus, the Court finds that it has authority to consider the merits of Defendant's motion.

First, Defendant requests a sentence reduction based on his health conditions amid the COVID-19 pandemic. Defendant is 34 years old and suffers from hypertension and anxiety and

depressive disorders, as documented in his medical records[1] [Doc. 61, at 9].  The Centers for Disease Control ("CDC") has concluded that mood disorders such as depression "can" increase the risk of serious illness from COVID-19. *See* People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited April 29, 2022). The same is "possibly" true of hypertension.  *Id.*  Hence, Defendant's health conditions could place him at increased risk of serious complications if he contracts COVID-19.

However, the Court disagrees with Defendant's claim that "[l]eaving [him] in FCI Elkton would put him at great danger of a painful and inhumane death" [Doc. 54, at 14].  Defendant's health conditions are not uncommon.  BOP classifies him as a Care Level 1 [Doc. 60-1], indicating that he is generally healthy with limited medical needs. *See* http://www.bop.gov/resources/pdfs/care_level_classification_guide.pdf (last visited April 29, 2022).  Moreover, Defendant is fully vaccinated [Doc. 61, at 12, 17–18].  While a vaccine is not a guarantee against all chance of infection, Defendant's "access to the COVID-19 vaccine substantially undermines his request for a sentence reduction" because "with access to the vaccine, an inmate largely faces the same risk from COVID-19 as those who are not incarcerated."  *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021).

Given the common nature of Defendant's health conditions and his vaccination against the coronavirus, the Court cannot conclude that Defendant's risk of serious illness from COVID-19 is extraordinary and compelling.

---

[1] Defendant also asserts that he suffers from supraventricular tachycardia (SVT) and a history of pneumonia [Doc. 54, at 1].  However, BOP medical records do not list SVT or pneumonia among his current conditions.  Nor does the CDC recognize SVT or a history of pneumonia as COVID-19 risk factors.

Next, Defendant again requests release so that he can care for his parents who are in poor health. The Court previously found that Defendant's family situation was not extraordinary and compelling, in part because Defendant did not show that he was his parents' only possible caregiver [Doc. 50, at 10]. In the instant motion, Defendant does not provide the Court any additional evidence. However, he alleges that his father recently had a stroke and other family members cannot collectively care for his parents without enduring hardship [Doc. 54, at 1–2]. The Court does not doubt that Defendant's assistance would be welcome to his family in this difficult time. Yet many inmates have loved ones who would benefit from their support. Given that Defendant's parents have other relatives who can assist them, albeit with some hardship, the Court still finds that Defendant's family situation is not an extraordinary and compelling reason for a sentence reduction.

Because the requirement of extraordinary and compelling reasons has not been met, the Court need not consider the factors under 18 U.S.C. § 3553(a). *Elias*, 984 F.3d at 519.

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion for compassionate release [Doc. 54] is **DENIED**.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE